**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **TALAWNDA DOWNS,RN, BSN, MBA, MHA,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| **v.** | ) **1:23-cv-04428-LMM-LTW** |
| | ) |
| **AMN Workforce Solutions, LLC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**AMENDED COMPLAINT**

COMES NOW Plaintiff Talawnda Downs, by undersigned counsel, and

submits this pleading, stating as follows:

## I.  PRELIMINARY STATEMENT

1. This is an action by a current employee against her employer for race

   discrimination and retaliation in violation of Title VII of the Civil Rights Act

   of 1964, 42 U.S.C. §§2000e et seq. ("Title VII"); and  the Civil Rights Act

   of 1866, 42 U.S.C. § 1981(a).

## II. THE PARTIES

2.  Plaintiff Talawnda Downs is a an African-American contractual employee

   of Defendant AMN Workforce Solutions, LLC ("AMN").

3. Defendant is a Delaware corporation engaged in the business of providing staffing solutions to health care organizations nationwide.

4. Defendant is an employer engaged in interstate commerce within the meaning of Title VII and has employed more than 20 persons for each working day in each of twenty calendar weeks in the current and preceding calendar year.

5. Defendant's Registered Agent for Service of Process in Georgia is Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Ga, 30092.

### III. JURISDICTION AND VENUE

6. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

7. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims asserted occurred in the geographic area covered by the Atlanta Division of the United States District Court for the Northern District of Georgia.

8. Plaintiff submits to the jurisdiction of this Court by filing suit.

9. Defendant's operations and business activity in Georgia are substantial enough to create in personam jurisdiction.

10. Plaintiff received a right to sue notice issued July 7, 2023 and timely filed suit.

### IV. FACTUAL ALLEGATIONS GIVING RISE TO SUIT

11. Plaintiff began employment with Defendant pursuant to a contract dated December 14, 2022 (the "Contract").

12. Under the Contract, Plaintiff accepted the offer of $48.00 per hour, overtime and holiday pay of $72.00 per hour, and $40.00 per day (seven days a week) for food, miscellaneous expenses, as well as a car rental for three months.

13. Plaintiff also an option of securing lodging through AMN Concur Solutions and AMN Corporate Housing or daily stipend of $130.00 to pursue housing independently.

14. In attempting to find a Furnished Finder for lodging, Plaintiff was presented with uninhabitable and unsafe options and received little support of assistance from AMN.

15. White coworkers did not have any issues or problems arranging for a Furnished Finder or Airbnb through AMN. Most were approved by AMN through AMN Concur Solutions from the very start.

16. Plaintiff was also required to produce receipts to AMN regarding her

housing expenses.

17. White similarly situated nurses were not required to produce receipts for similar Furnished Finders or Airbnbs.

18. In early 2023, Plaintiff began to complain about her housing situation.

19. Plaintiff spoke with several AMN administrators and agents, among them Linda Murphy, Ariana Noel Little, Joelle Chandler, and Cathy Massaro, who are White, concerning problems with lodgings through AMN.

20. In many of those conversations, especially the conversations with Cathy Massaro and Ariana Noel, Plaintiff was addressed in a demeaning, bullying and disrespectful manner.

21. Plaintiff felt the manner she was addressed in was reminiscent of the accounts of Southern plantation systems.

22. On information and belief, White colleagues were not addressed in such manner but were accorded a professional and respectful tone.

23. In July 2023, Plaintiff began her third renewed Contract with AMN and enquired about her bonus or increase.

24. At the end of a second contract, contractors such as Plaintiff usually receive a bonus or some form of increase.

25. Plaintiff was informed she would receive no such bonus or increase.

26. On information and belief, White nurses beginning their third contractual period have regularly received bonuses or wage increases.

27. Instead of an increase in pay, Plaintiff's wage was decreased.

28. Plaintiff filed an EEOC Charge on June 14th 2023.

29. Soon after filing her Charge, in July 2023, Plaintiff was informed that her daily stipend of $130.00 for housing was being reduced to a daily stipend of $82.28.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

30.  Plaintiff restates and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Defendant engaged in and/or knowingly permitted race discrimination in violation of the proscription thereof by Title VII.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII

32.  Plaintiff restates and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

33.  Defendant engaged in and/or knowingly permitted retaliation in violation of the proscription thereof by Title VII.

## COUNT III

## RACE DISCRIMINATION IN VIOLATION OF SECTION 1981

34.  Plaintiff restates and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

35.  Defendant violated Section 1981 because it engaged in and/or knowingly permitted race discrimination.

## COUNT IV

## RETALIATION IN VIOLATION OF SECTION 1981

36.  Plaintiff restates and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

37.  Defendant violated Section 1981 because it retaliated against Plaintiff after her complaints of race discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays;

a)  That the Court enter judgment against Defendant and for Plaintiff;

b)  That Plaintiff have and recover from Defendant back pay and benefits, with prejudgment interest thereon;

c)  That the Court grant Plaintiff a trial by jury;

d)  That the Court order Defendant to compensate Plaintiff for mental and

emotional damages suffered as a result of Defendant's discriminatory acts;

e)     That the Court grant to Plaintiff punitive damages for Defendant's willful and intentional violations of Title VII;

f)     That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further discrimination or retaliation against Plaintiff;

g)     That Plaintiff have and recover his attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988 and all other applicable federal laws; and

h)     Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This 23rd day of  April 2024.

JohnDWales

**John D. Wales, Esq.**
Georgia Bar No. 730785
Law Office of John D. Wales
2451 Cumberland Parkway
Suite 3843
Atlanta, Georgia 30339
Tel. (770) 850-2545
Fax (770) 850-2548
**johndwales@aol.com**